UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

_____
)
Rita Pedro )
    Plaintiff )
)
    v. )    CIVIL ACTION NO.
)
K. Clough's Landscape & Design, LLC, and )
Granite State Hospitality, LLC )
)
)
    Defendants )
)
_____

## PLAINTIFF'S COMPLAINT

### PARTIES

1. Plaintiff, Rita Pedro ("Rita" or "Plaintiff"), has at all times relevant to this matter been a resident of 77 Hope Avenue, Hope, Rhode Island 02831.

2. Defendant, K. Clough's Landscape & Design, LLC ("K. Clough's"), has at all times relevant to this matter been a limited liability corporation organized under the laws of New Hampshire with a principal office address of 39 South Curtisville Road, Concord, New Hampshire 03301.  At the time of the negligence alleged in this complaint and at all relevant times thereafter, the members of K. Clough's were Kevin Clough of 39 South Curtisville Road, Concord, New Hampshire 03301 and Beth Stankus of 20 Denis Street, Manchester, New Hampshire 03102.  The purpose of K. Clough's is to provide full service landscaping services, including snow removal, sanding, salting and winter

maintenance to its customers.

3. Defendant, Granite State Hospitality, LLC ("Granite State") has at all times relevant to this matter been a limited liability corporation organized under the laws of New Hampshire with a principal office address of 259 Main Street, Ashland, New Hampshire 03217. At the time of the negligence alleged in this complaint and at all relevant times thereafter the member of Granite State were Edward J. McLear of 312 Daniel Webster Highway, Meredith, New Hampshire 03253 and Alexander Ray of 59 Main Street, Ashland, New Hampshire 03217. Granite State has a primary business of developing and operating restaurants and service areas, including the Hooksett rest area located on Interstate 93 North in Hooksett, New Hampshire.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is based upon diversity of citizenship as provided in 28 U.S.C. § 1332 (a). The amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Personal jurisdiction of these defendants in this matter as all defendants are citizens of the State of New Hampshire and the negligence and injuries alleged occurred in New Hampshire.

6. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391 (b)(2) as a the events, acts or omissions giving rise to this claim occurred in or near the Hooksett rest area in Hooksett, New Hampshire.

## FACTS

7. On or about February 16, 2019, Rita was traveling on Interstate 93 North in Hooksett, New Hampshire. She elected to stop at the Hooksett rest area. The weather in the Concord, New Hampshire area the day and night prior to February 16, 2019 had included

snow, rain, fog and mist leaving the pavement surfaces at the Hooksett rest area wet and prone to freezing if temperatures were sufficiently cold.  The temperature in the early morning hours of February 16, 2019 had dropped below 32 degrees Fahrenheit.  The combination of wet pavement and below freezing temperatures was a perfect combination for the formation of black ice.  The formation of black ice as a consequence of the weather on February 15 and 16, 2019 was foreseeable and required K. Clough's or Granite State or both to reasonably monitor the weather, inspect the parking areas of the Hooksett rest area to detect the formation of any black ice and to treat the parking areas as necessary with sand and/or ice melt.

8. Rita parked her vehicle in a designated parking space.  As Rita stepped from her vehicle she suddenly and without warning slipped on black ice.  Rita landed hard on her right side striking her right elbow on the pavement.  There was no sand, salt or other treatment applied to the pavement in the area of Rita's fall.  As a direct and proximate result of her right elbow injury, Rita has incurred expensive medical care including, but not limited to, two surgeries and physical therapy.  Rita has suffered loss of income, partial loss of use of her right arm, physical and emotional pain, loss of enjoyment of life and similar damages permitted by New Hampshire law.  Some, or all, of Rita's injuries and damages are ongoing and permanent.  Rita claims all damages to which she is entitled within the jurisdictional limits of this court.

## COUNT I

### (Negligence - K. Clough's)

9. Each and every factual allegation in paragraphs 1 - 8 above is restated as if alleged herein.
10. On February 16, 2019, K. Clough's was under contract to perform winter maintenance at

the Hooskett rest area, including sanding and salting as necessary. Thus, K. Clough's undertook a duty owed by Granite State, as the operator of the rest area, to maintain the parking areas of the rest area free of ice. K. Clough's holds itself out to its customers as monitoring existing and potential weather events which will require its services to render parking and pedestrian areas safe in winter weather. K. Clough's knew or should have known that Granite State would rely on it to monitor the weather and address hazardous conditions as they developed. K. Clough's knew or should have known of the potential for formation of black ice at the Hooksett rest area and pursuant to the terms of its contract or the exercise of reasonable care inspected the parking lot, proactively treated the parking lot to prevent the formation of ice and/or treated the parking lot to make safe any areas of the parking lot in which ice had already formed. K. Clough's breached its duty of care as alleged by failing to reasonably maintain the parking area of the Hooksett rest area used by Rita, by failing to anticipate the probable formation of black ice and to pre-treat, inspect or monitor the parking area as necessary to keep it in a safe condition, by failing to sand and/or salt the parking area following the formation of black ice in the parking area, and by otherwise failing to exercise due care in its maintenance of the parking area. As a direct and proximate result of K. Clough's breach of duties as identified, Rita fell sustaining the injuries and damages alleged.

## COUNT II

**(Negligence - Granite State)**

11. Each and every factual allegation in paragraphs 1 - 10 above is restated as if alleged herein.

12. Granite State was the operator the Hooksett rest area on the date of Rita's fall. Granite

State assumed the duty to operate the rest area by contract with the New Hampshire Department of Transportation. As part of that contract, Granite State assumed the duty to provide winter maintenance of the Hooksett rest area, including the parking area where Rita fell and was injured. Granite State owed to Rita a non-delegable duty to maintain the parking area at the Hooksett rest area in a safe and reasonable condition. The duties Granite State owed to Rita, included, but were not limited to, the duty to reasonably inspect and maintain the parking area during the winter, to anticipate foreseeable weather conditions which could lead to the formation of black ice, to itself or through others acting for it, monitor the weather and conditions of the parking area to allow for the sanding or salting of icy areas in the parking lot as they developed and to otherwise act reasonably to prevent injury to users of the parking area, such as Rita. Granite State breached each of the duties alleged by failing to anticipate the weather conditions leading to a likelihood of the formation of black ice, by failing to reasonably monitor and inspect the parking area to detect any black ice which developed, by failing to either contact K. Clough's to treat the black ice in the parking area or to itself treat the areas of black ice with sand or salt to make the area safe for pedestrians such as Rita and by otherwise failing to use due care. As a direct and proximate result of the breaches of duty alleged, Rita fell and sustained the injuries and damages claimed.

## Jury Trial

13. **Plaintiff demands a trial by jury**.

WHEREFORE, the plaintiff respectfully requests this Court:

A.  Enter judgment for plaintiff in an amount to be determined following trial of this matter, plus applicable costs and interest;

B.  Grant such other and further relief as the Court finds is just and equitable.

                                              Rita Pedro

                                              By her Attorneys

                                              Bussiere & Bussiere, P.A.

<u>February 14, 2022</u>                    <u>/s/ John P. Fagan</u>
Date                                        John P. Fagan, Esquire (#6828)
                                            15 North Street
                                            Manchester, NH 03104
                                            603-622-1002
                                            John@bussierelaw.com